Benjamin A. Schwartzman (ISB No. 6512)
*bschwartzman@bwslawgroup.com*
**Banducci Woodard Schwartzman PLLC**
802 W. Bannock St., Suite 500
Boise, ID  83702
Telephone:  (208) 342-4411
Facsimile:  (208) 342-4455

FINKELSTEIN THOMPSON LLP
Douglas G. Thompson
Michael G. McLellan
Thomas M. Gottschlich
1050 30th Street, N.W.
Washington, DC 20007
Telephone: (202) 337-8000
Facsimile:   (202) 337-8090

*Attorneys for John O'Brien*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| LANCE TEAGUE,<br><br>        Plaintiff,<br><br>   v.<br><br>ALTERNATE ENERGY HOLDINGS, INC., DONALD L. GILLISPIE, AND JENNIFER RANSOM,<br><br>        Defendants. | Case No: 1:10-cv-00634-BLW<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT JOHN O'BRIEN AS LEAD PLAINTIFF AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL** |

**INTRODUCTION**

Movant John O'Brien respectfully submits this memorandum of law in support of his motion for: (1) appointment as Lead Plaintiff in this action pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA") and (2) approval of his selection of Finkelstein Thompson LLP ("Finkelstein Thompson") to serve as Lead Counsel and Banducci Woodard Schwartzman PLLC ("Banducci Woodard Schwartzman") to serve as Liaison Counsel.

When, as here, a class action alleging violations of the federal securities laws has been filed in federal court, the PSLRA provides a mechanism for appointment of Lead Plaintiff. That mechanism presumptively requires the Court to appoint the movant who has (1) suffered the greatest losses in connection with the events complained of and (2) who is otherwise capable of representing the Class. Here, Mr. O'Brien has suffered an approximate loss of $ 10,035.00 in connection with his purchases of Alternate Energy securities, and is unaware of any movant with a greater financial interest in this proceeding. Moreover, as set forth more fully herein, O'Brien satisfies each of the requirements of the PSLRA.

Mr. O'Brien should therefore be appointed as Lead Plaintiff in this action. Similarly, Mr. O'Brien's choice of counsel – Finkelstein Thompson and Banducci Woodard Schwartzman – are eminently qualified to serve as Lead and Liaison counsel in this matter and should be so appointed.

## BACKGROUND

Presently pending in this District are two lawsuits brought against Alternate Energy and certain affiliated individuals. One is brought by the U.S. Securities and Exchange Commission ("SEC") (the "SEC Action"). The other is a putative class action ("Private Action") brought on behalf of all persons or entities who acquired securities of Alternate Energy between September 20, 2006 through December 14, 2010 (the "Class Period"). Both charge the defendants with knowingly or recklessly (1) issuing materially false and misleading statements concerning Alternate Energy's plans to build a nuclear power plant, (2) artificially inflating the price of the stock through false press releases and promoters, and (3) subsequently liquidating the stock through secret sales by other entities and individuals connected to Alternate Energy.

Both Complaints allege that Alternate Energy represented during the Class Period that it was in the process of raising money to develop a nuclear reactor, and put forth numerous press releases and engaged promoters to persuade individual investors to buy stock in the Company. The Complaints go on to allege that the Defendants knew or were reckless in not knowing that Alternate Energy had no realistic possibility of building the nuclear reactor, and that its representations to the contrary were false and misleading efforts to artificially increase the price of the stock so that the individual Defendants could gain by selling their shares.

These allegations were brought to light when the SEC filed its action on December 16, 2010, shortly after freezing trading in Alternate Energy shares. The market strongly reacted to the revelation: on December 29, 2010, the day trading reopened, the price of Alternate Energy stock fell from $0.58 to $0.08—a decline of 86.2%. On Friday, March 4th, it closed at $0.13.

## ARGUMENT

I.  **MR. O'BRIEN SHOULD BE APPOINTED LEAD PLAINTIFF**

    A.  **The Procedure Required By The PSLRA for Appointment of Lead Plaintiff**

The PSLRA establishes a "simple three-step process for identifying the lead plaintiff" in securities fraud class actions. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (citing 15 U.S.C. § 78u-4).

*First*, the plaintiff who files the first action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(A)(i). All such motions must be filed within 60 days of the publication of that notice.

*Second*, the Court considers the applications by competing movants and selects as the "presumptive lead plaintiff" the movant who "'has the largest financial interest in the relief

sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)).  This requires the Court to determine if the movant with the largest financial stake is "typical" of his fellow Class Members and capable of adequately representing them.  *Id.*   If he is, he becomes the presumptive lead plaintiff.

*Third*, competing movants are permitted to challenge the presumptive lead plaintiffs' showings of "typicality" and "adequacy" through the briefing process.  If they cannot do so, the movant with the largest financial losses should be appointed lead plaintiff, and his choice of counsel should be approved.  *Id.*

### B.   Mr. O'Brien Satisfies The Lead Plaintiff Requirements of the PSLRA

#### 1.   Mr. O'Brien Has Complied With The Procedural Requirements of the PSLRA

The notice of pendency was published on January 7, 2011. *See* Ex. A. Accordingly, with this motion, Mr. O'Brien has timely moved for appointment as Lead Plaintiff.

Mr. O'Brien has provided a certification that sets forth his transactions in Alternate Energy securities during the Class Period, as is required by the PSRLA.  *See* Ex. B (O'Brien certification); 15 U.S.C.A. § 78u-4 (2).  This certification indicates that Mr. O'Brien has reviewed a draft complaint, understands the responsibilities of serving as Lead Plaintiff, and is willing to serve as representative party on behalf of the class.  *Id.*  In addition, Mr. O'Brien has retained competent and experienced counsel.  *See* Firm Resumes, Exs. C and D.

#### 2.   Movant Has The Largest Financial Interest in the Relief Sought By the Class

To counsel's knowledge, Mr. O'Brien has the largest financial interest in the relief sought of any class member that has come forward or will come forward as a proposed Lead

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT JOHN O'BRIEN AS LEAD PLAINTIFF AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL - 4

Plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) ("[T]he district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the 'presumptively most adequate plaintiff'") (quotations omitted).

Mr. O'Brien's Class Period purchases of Alternate Energy securities are reflected in the certification. *See* Ex. B. Movant's losses, as limited by the PSLRA, are $ 10,035.00.[1] As indicated by the certification, Mr. O'Brien is aware of the obligations and responsibilities of serving as Lead Plaintiff, and is prepared to participate in the litigation effectively and monitor his counsel throughout the litigation. *Id*. Accordingly, Mr. O'Brien satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff.

### 3. Movant Otherwise Satisfies the Requirements of Rule 23

In addition to satisfying the requirements set forth above, a lead plaintiff must otherwise fulfill the requirements of Federal Rule of Civil Procedure 23. Under the PSLRA, this requires the movant to make a preliminary showing that his "claims or defenses . . . are typical of the claims or defenses of the class" and that he "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see also Cavanaugh*, 306 F.3d at 730 (noting "'typicality' and 'adequacy'" pertinent Rule 23 considerations under PSLRA)

Mr. O'Brien easily qualifies as an adequate and typical Lead Plaintiff and should accordingly be appointed by this Court to serve in that role in the consolidated AEHI Actions.

#### a. *Typicality*

Typicality is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *In re Micron Techs., Inc. Secs. Litig.*, 247 F.R.D.

---

[1] The PSLRA requires plaintiffs' losses to be judged by the 90-day average closing price of a stock following the revelations at issue in the case. 15 U.S.C.A. § 78u-4 (e)(2) & (3). Because that period has not yet lapsed, Mr. O'Brien's losses have been calculated by reference to the average trading price of Alternate Energy stock between December 16, 2010 and March 4, 2011.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT JOHN O'BRIEN AS LEAD PLAINTIFF AND TO APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL - 5

627, 632 (D. Idaho 2007) (quotations omitted).  "The test of typicality is whether other [class] members have the same or similar injury" as the proposed lead plaintiff.  *Lewis v. First Am. Title Ins. Co.*, 265 F.R.D. 536, 556 (D. Idaho 2010) (citations omitted).

Mr. O'Brien, just like all other class members, (1) purchased Alternate Energy securities during the Class Period and (2) suffered damages thereby.  Thus, Mr. O'Brien's claims are typical of the Class because his claims and the claims of the other class members arise out of the same course of events.

### b. *Adequacy*

The "adequacy" prong is satisfied so long as (1) the named plaintiffs do not have any conflicts of interest with other class members and (2) the named plaintiff and his counsel vigorously prosecute the action on behalf of the class.  *Lewis*, 265 F.R.D. at 557 (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)).  Mr. O'Brien easily satisfies these factors.

There can be no doubt that Mr. O'Brien will vigorously prosecute this action if he is appointed Lead Plaintiff.  Indeed, Mr. O'Brien has already taken significant steps demonstrating that he will protect the interests of the Class: he has executed certifications detailing his Class Period transactions and expressing his willingness to serve as a class representative, has provided counsel the necessary information to prepare this Motion, and has moved this Court to be appointed as Lead Plaintiff.  Additionally, Mr. O'Brien has retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner.  *See* Section III, *infra*.

Moreover, there are no potential conflicts between Mr. O'Brien and the interests of the absent class members. *Lewis*, 265 F.R.D. at 557. All investors are aligned in the common interest of recovering their damages from Defendants, and Mr. O'Brien has indicated he will protect their interests. *See* Ex. B. Given Mr. O'Brien's significant financial interest in the action, he has a strong incentive to pursue this action vigorously on behalf of the entire class. Consequently, Mr. O'Brien meets the requirements of the PSLRA and should be appointed Lead Plaintiff in this action.

## II. THE COURT SHOULD APPROVE MOVANT'S CHOICE OF CO-LEAD COUNSEL

Pursuant to PSLRA, the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. O'Brien has selected Finkelstein Thompson as Lead Counsel and Banducci Woodard Schwartzman as Liaison Counsel. Finkelstein Thompson LLP has served as lead counsel in dozens of shareholder class actions, and has successfully litigated numerous securities fraud claims in this Court and around the nation. Its clients include institutional investors, high-net worth individuals, and retail investors, and the firm enjoys a national reputation for high-quality work and successful recoveries for its clients. Banducci Woodard Schwartzman is similarly qualified, and is particularly experienced in the courts of this District. *See* Exs. C and D (firm resumes). Thus, the Court may be ensured that, in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available.

## III. THIS COURT SHOULD ORDER ALL FUTURE ACTIONS TO BE CONSOLIDATED WITH THIS ACTION

There is currently only one private action pending before the Court. However, it is in the best interest of the Court and the litigants that all subsequently filed cases be consolidated

pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, which provides a Court with the authority to consolidate actions "involving a common question of law or fact." Accordingly, this Court should order any future class actions involving the same allegedly misleading statements made by Alternate Energy and the Individual Defendants be consolidated with this Action.

## CONCLUSION

For the foregoing reasons, Mr. O'Brien respectfully requests this Court (1) consolidate for all purposes the AEHI Actions against Defendants; (2) appoint him as Lead Plaintiff; and (3) approve Finkelstein Thompson as Lead Counsel for the Class and Banducci Woodard Schwartzman as Liaison Counsel for the Class.

Dated: March 7, 2011.

/s/
Benjamin A. Schwartzman
**Banducci Woodard Schwartzman PLLC**

Douglas G. Thompson
Michael G. McLellan
Thomas M. Gottschlich
**FINKELSTEIN THOMPSON LLP**

*Attorneys for John O'Brien*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 7th day of March, 2011 I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Phillip Howard Gordon | *pgordon@gordonlawoffices.com* |
| Thomas M. Gottschlich | *TGottschlich@finkelsteinthompson.com* |
| Michael G. McLellan | *MMcLellan@finkelsteinthompson.com* |
| Douglas G. Thompson | *DThompson@finkelsteinthompson.com* |

                                                  /s/
                                         Benjamin A. Schwartzman