GOLD BENNETT CERA & SIDENER LLP
Solomon B. Cera, Esq.
Thomas C. Bright, Esq.
595 Market Street, Suite 2300
San Francisco, CA 94105
Telephone: (415) 777-2230
Facsimile: (415) 777-5189
Email: scera@gbcslaw.com
Email: tbright@gbcslaw.com

AUGUSTINE LAW OFFICES, PLLC
Paul J. Augustine
1004 W. Fort Street
Boise, ID 83702
Telephone: (208) 367-9400
Facsimile: (208) 947-0014
Email: pja@augustinelaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LANCE TEAGUE, Individually and On Behalf Of All Others Similarly Situated, | ) ) ) | Case No. 1:10-CV-00634-BLW |
| Plaintiff, | ) ) ) | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** |
| vs. | ) ) ) | **OF GEORGE C. WALKER III FOR: (I) APPOINTMENT AS LEAD PLAINTIFF; AND (II) APPROVAL OF SELECTION OF** |
| ALTERNATE ENERGY HOLDINGS, INC., DONALD L. GILLISPIE, and JENNIFER RANSOM, | ) ) ) ) | **LEAD COUNSEL AND LIAISON COUNSEL FOR THE CLASS** |
| Defendants. | ) ) ) | |

#123602

## TABLE OF CONTENTS

**Pages**

I.   PRELIMINARY STATEMENT ........................................................................ 1

II.  STATEMENT OF FACTS ............................................................................... 2

III. ARGUMENT ................................................................................................... 4

    A.   Mr. Walker Should Be Appointed Lead Plaintiff .................................. 4

        1.   The Legal Requirements Under The PSLRA ............................................. 4

        2.   Notice of Pendency ..................................................................................... 6

        3.   Mr. Walker Believes He Has The Largest Financial Interest In The Relief Sought By The Class.................................................................................. 6

        4.   Mr. Walker Otherwise Satisfies The Requirements Of Rule 23................. 8

    B.   The Court Should Approve Mr. Walker's Selection Of Lead Counsel ............... 10

IV.  CONCLUSION............................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Armour v. Network Assoc., Inc.*
171 F.Supp.2d 1044 (N.D. Cal. 2001) .............................................................. 8

*Ferrari v. Gisch*
225 F.R.D. 599 (C.D. Cal. 2004) ..................................................................... 8

*Hanon v. Dataproducts Corp.*
976 F.2d 497 (9th Cir. 1992) ........................................................................... 8

*In re Cavanaugh*
306 F.3d 726 (9th Cir. 2002) ....................................................................... 5, 6

*In re McKesson HBOC, Inc. Sec. Litig.*
97 F.Supp.2d 993 (N.D. Cal. 1999) .................................................................. 7

*In re Northern District of California, Dalkon Shield IUD Prods. Liab. Litig.*
693 F.2d 847 (9th Cir. 1982) ........................................................................... 9

*In re Olsten Corp. Sec. Litig.*
3 F.Supp.2d 286 (E.D.N.Y. 1998) .................................................................... 7

*In re Peregrine Systems, Inc. Sec. Litig.*
2002 WL 32769239 (S.D. Cal. Oct. 11, 2002) ................................................. 6

*In re Rent-Way Sec. Litig.*
305 F.Supp.2d 491 (W.D. Pa. 2003).............................................................. 10

*Lax v. First Merchant's Acceptance Corp.*
1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ..................................................... 7

*Ruland v. InfoSonics Corp.*
2006 WL 3746716 (S.D. Cal. Oct. 23, 2006) ................................................... 7

*Tanne v. Autobytel, Inc.*
226 F.R.D. 659 (C.D. Cal. 2005) .................................................................. 8, 9

*Wenderhold v. Cylink Corp.*
188 F.R.D. 577 (N.D. Cal. 1999)...................................................................... 8

*Zucker v. Zoran Corp.*
2006 WL 3591156 (N.D. Cal. Dec. 11, 2006) ................................................. 8

**Statutes, Rules and Regulations**

15 U.S.C. §§78(j)(b) ..................................................................................... 1

15 U.S.C. §78(t) ............................................................................................ 1

15 U.S.C. §78u-4(a)(1) .................................................................................. 4

15 U.S.C. §78u-4(a)(3)(A)(i) .......................................................................... 4

15 U.S.C. §78u-4(a)(3)(B) ......................................................................... 1, 4

15 U.S.C. §78u-4(a)(3)(B)(iii) ........................................................................ 6

## TABLE OF AUTHORITIES

15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ............................................................................... 1, 5

15 U.S.C. §78u-4(a)(3)(B)(iii)(II) ................................................................................. 5

15 U.S.C. §78u-4(a)(B)(v) ......................................................................................... 10

17 C.F.R. §240.10b-5 .................................................................................................. 1

Federal Rules of Civil Procedure
    Rule 23 .......................................................................................................... 2, 5, 8, 9

Securities Exchange Act of 1934
    Section 10(b) ........................................................................................................ 1

    Section 12(g) ........................................................................................................ 2

    Section 20(a) ........................................................................................................ 1

    Section 21D(a)(3)(B) ........................................................................................... 1

    Section 21D(a)(3)(B)(v) .................................................................................... 10

George C. Walker III respectfully submits this memorandum in support of his motion for: (i) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and (ii) approval of his selection of the law firm of Gold Bennett Cera & Sidener LLP as lead counsel and Augustine Law Offices, PLLC as liaison counsel for the Class.

## I.   **PRELIMINARY STATEMENT**

This is a class action on behalf of those who purchased the common stock of Alternate Energy Holdings, Inc. ("Alternate Energy" or the "Company") no earlier than September 20, 2006 through no later than December 14, 2010, inclusive (the "Class Period"). This case alleges violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), against Alternate Energy and certain of its executive officers. This case was filed on December 20, 2010 by Lance Teague, and notice of the pendency of the action was published to investors on January 7, 2011, which provided a deadline to seek Lead Plaintiff status by March 7, 2011.[1]

Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and also makes a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). For the reasons set forth

---

[1]   A copy of Mr. Teague's notice is attached as Exhibit A to the Declaration of Thomas C. Bright in Support Of Motion Of George C. Walker III For (I) Appointment As Lead Plaintiff; and (II) Approval Of His Selection Of Lead Counsel and Liaison Counsel for the Class (the "Bright Decl.").

below, Mr. Walker believes he is the "most adequate plaintiff" by virtue of his substantial

investment in Alternate Energy common stock.  Specifically, Mr. Walker incurred losses

totalling approximately $134,381.66 in connection with his purchase of Alternate Energy

common stock during the Class Period.[2]  Mr. Walker satisfies the relevant requirements of Rule

23 of the Federal Rules of Civil Procedure as his claims are typical of the other class members

and he will fairly and adequately represent the Class.

Further, Mr. Walker fully understands the Court-appointed Lead Plaintiff's duties to the

Class under the PSLRA, and is willing and able to undertake the responsibilities entailed in

acting as Lead Plaintiff to ensure vigorous prosecution of this action.  Mr. Walker has selected

Gold Bennett Cera & Sidener LLP, a law firm with substantial experience in prosecuting

securities class actions, to serve as Lead Counsel for the Class.  Accordingly, Mr. Walker

respectfully requests that the Court appoint him as Lead Plaintiff and otherwise grant his motion.

## II.    STATEMENT OF FACTS

Alternate Energy was founded by defendant Gillispie and incorporated in Nevada in

2001, with its principal place of business in Eagle, Idaho.  The company went public in

September 2006, as a result of a reverse merger, and registered its securities under Section 12(g)

of the Exchange Act on October 8, 2008.  Alternate Energy's stock is quoted on the OTC

Bulletin Board and on the Pink Sheets operated by Pink OTC Markets Inc.

Alternate Energy describes itself as "a development stage enterprise engaged in the

purchase, optimization and construction of green energy sources, primarily nuclear power

plants."  Alternate Energy Holdings, Inc. consists of four corporate entities:  International

---

[2]    The PSLRA-required Certification of George C. Walker III is attached as Exhibit B to the
Bright Decl.

Reactors, Inc., Idaho Energy Complex, Reactor Land Development, LLC and Energy Neutral, Inc.  The Company describes these four entities as follows:

> International Reactors assists developing countries with power generation as well as the production of potable water; Idaho Energy Complex was formed to oversee a proposed $10 billion nuclear project near Payette, Idaho, with a backup site near Hammett, Idaho.  Reactor Land Development is engaged in acquiring land and water rights, permits and licenses, and plant development rights.  Energy Neutral (visit www.energyneutralinc.com) assists homeowners, businesses and farmers with reducing energy consumption and reliance on the electrical grid.

Despite pitching many business ventures that the Company planned to pursue over the past four years (including harvesting lightning, developing fuel additives to reduce natural gas production costs by 40 percent; and using nuclear-powered desalination reactors to provide the Third World with clean water), Alternative Energy has never had any revenue or products.

The complaint filed in this Court alleges that throughout the Class Period defendants engaged in a "pump and dump" scheme.  Specifically, Gillispie, with the aid of defendant Ransom, engaged in a scheme to manipulate and artificially inflate the market price of Alternate Energy stock by (1) paying stock promoters to create artificial demand in the marketplace through end of day stock purchases; (2) misrepresenting that the Company's officers and directors never sold any shares of the Company's stock thus concealing secret profits reaped by Gillispie and Ransom; and (3) misrepresenting the Company's true financial condition and potential business prospects.  On December 14, 2010, the U.S. Securities and Exchange Commission (the "SEC") issued an order to temporarily suspend trading of the Company's stock.  Shortly thereafter, on December 16, 2010, the SEC instituted a civil action against the Company and Gillispie and Ransom, to prevent Alternative Energy and its executives from raising additional funds from investors.  This announcement shocked investors.  On December 29, 2010,

the first day trading reopened, the price of Alternate Energy stock fell from $0.58 to $0.08, representing a drop of 86.2%.  On February 7, 2011, Leon Eliason and Gregory Kane resigned from the Company's Board of Directors.

## III.   ARGUMENT

### A.   Mr. Walker Should Be Appointed Lead Plaintiff

Mr. Walker respectfully submits that he should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B).

### 1.   The Legal Requirements Under The PSLRA

The PSLRA, 15 U.S.C. §78u-4(a)(1), sets forth procedures for the appointment of lead plaintiffs to oversee class actions brought under the Exchange Act.  Within 20 days after the date on which a class action is filed under the PSLRA, *see* 15 U.S.C. §78u-4(a)(3)(A)(i), the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class: (i) of the pendency of the action, the claims asserted therein, and the purported class period; and (ii) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

Further, under 15 U.S.C. §78u-4(a)(3)(B)(i), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person, or group of persons, that:

> (aa)   has either filed the complaint or made a motion in response to a notice. . . ;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  The presumption established above may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either (i) "will not fairly and adequately protect the interests of the class," or (ii) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

The Ninth Circuit Court has explained that the "Reform Act provides a simple three-step process for identifying the lead plaintiff" pursuant to the criteria set forth in the PSLRA.  *See In re Cavanaugh*, 306 F.3d at 729-30.  As *Cavanaugh* instructed:

> The first step consists of publicizing the pendency of the action, the claims made and the purported class period.  In step two, the district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the "presumptively most adequate plaintiff" – and hence the presumptive lead plaintiff – the one who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.  It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy."  If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.  If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23.  The third step of the process is to give other plaintiffs an

> opportunity to rebut the presumptive lead plaintiff's showing that it
> satisfies Rule 23's typicality and adequacy requirements.

*Id.* (alteration in original) (internal citations and footnotes omitted).  *See also In re Peregrine Systems, Inc. Sec. Litig.*, 2002 WL 32769239, at *2-4 (S.D. Cal. Oct. 11, 2002).

### 2.      Notice of Pendency

Plaintiff in *Teague v. Alternate Energy, Inc.*, Case No. 1:10-cv-00634 (BLW), the first-filed class action, caused an initial notice to be published on *Globe Newswire* on January 7, 2011.  *See* Exhibit A to the Bright Decl.  The notice announced that a securities class action had been filed against the defendants herein, and advised purchasers of Alternate Energy securities that they had sixty days from January 7, 2011 (*i.e.*, March 7, 2011) to seek lead plaintiff status. *See Id.*  Mr. Walker has filed his motion before the expiration of the 60-day period from such publication.

In addition, and pursuant to the requirements of the PSLRA, Mr. Walker has duly signed a certification stating that he is familiar with the factual and legal issues alleged and is willing to serve as a representative plaintiff on behalf of the Class.  *See* Bright Decl. Ex. B.

### 3.      Mr. Walker Believes He Has The Largest Financial Interest In The Relief Sought By The Class

Mr. Walker should be appointed Lead Plaintiff because he believes he has the largest financial interest in the relief sought by the Class.  15 U.S.C. §78u-4(a)(3)(B)(iii).  There is no prescribed method for determining which movant has the largest financial interest.  The Ninth Circuit notes that "the court may select accounting methods that are both rational and consistently applied." *Cavanaugh*, 306 F.3d at 730 n. 4.  "Many courts apply the following four factors in making the financial interest determination: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class

period; and (4) the approximate losses suffered by the plaintiffs." *Ruland v. InfoSonics Corp.*, 2006 WL 3746716, at *4 (S.D. Cal. Oct. 23, 2006) (citing *Lax v. First Merchant's Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 296 (E.D.N.Y. 1998); and *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F.Supp.2d 993 (N.D. Cal. 1999)).  In light of each of these factors, Mr. Walker believes he has the largest financial interest in the outcome of this lawsuit.

As Mr. Walker's Certificate of Plaintiff confirms, he purchased approximately 662,314 shares of Alternate Energy common stock on a gross basis during the Class Period.  See Bright Decl., Ex. B.  Mr. Walker's net purchases of common stock were 319,205 shares.  In addition, Mr. Walker had net expenditures of approximately $166,036.95 for Alternate Energy common stock prior to December 14, 2008.  As a result of the revelation of the misconduct of Alternate Energy and its officers named as Defendants, Mr. Walker suffered approximately $134,381.66 in losses.[3]  The magnitude of Mr. Walker's financial interest in this litigation can be summarized as follows:

| Factor | Mr. Walker's Position |
| --- | --- |
| Gross Purchases: | 662,314 |
| Net Purchases: | 319,205 |
| Net Expenditures: | $166,036.95 |
| Approximate LIFO Loss: | $134,381.66 |

Accordingly, Mr. Walker believes that he has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

---

[3]   In calculating the approximate loss, retained shares were valued at $0.125897 and the "LIFO" method was used.

### 4.   Mr. Walker Otherwise Satisfies The Requirements Of Rule 23

Mr. Walker should be appointed Lead Plaintiff because he also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  On a motion to serve as Lead Plaintiff, the movant need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.  *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005) (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 587 (N.D. Cal. 1999) (stating that, at this stage of the litigation, nothing more than a preliminary showing is required)).  Mr. Walker unquestionably satisfies both requirements in this case.

Mr. Walker's claims are typical of the claims of other Class members.  "The 'typicality' requirement is satisfied when the named plaintiffs have (1) suffered the same injuries as class members; (2) as a result of the same course of conduct; and (3) their claims are based on the same legal issues."  *Zucker v. Zoran Corp.*, 2006 WL 3591156, at *3 (N.D. Cal. Dec. 11, 2006) (citing *Armour v. Network Assoc., Inc.*, 171 F.Supp.2d 1044, 1050 (N.D. Cal. 2001)); *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).  Mr. Walker's claims in this action arise from the very same course of misconduct at Alternate Energy as the claims of the other Class members – i.e., the artificial inflation and consequent market correction of Alternate Energy stock caused by Defendants' fraudulent public disclosures*.  See, e.g., Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667 (C.D. Cal. 2005) (finding a Lead Plaintiff movant's claim to be typical where the movant like all class members, "(1) purchased or acquired Autobytel securities during the Class period, (2) at prices alleged to be artificially inflated by defendants' materially false and misleading statements and/or omissions, and (3) suffered damage as a result."); *see also Ferrari v. Gisch,* 225 F.R.D. 599, 606 (C.D. Cal. 2004).

Mr. Walker likewise satisfies the adequacy requirement of Rule 23.  "The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive."  *Autobytel*, 226 F.R.D. at 667 (citing *In re Northern District of California, Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). Mr. Walker satisfies each of these elements of the adequacy requirement.

Mr. Walker will adequately represent the Class because his interests are perfectly aligned with those of the other Class members and are not antagonistic in any way.  Indeed, Mr. Walker seeks identical relief on identical claims based on identical legal theories.  There are, furthermore, no facts suggesting that any actual or potential conflict of interest or other antagonism exists between Mr. Walker and other Class members.

Mr. Walker has also submitted a Certification affirming his understanding of the duties owed to Class members through his commitment to oversee the prosecution of this Class action. *See* Bright Decl., Ex. B.  Through that Certification, Mr. Walker accepts the fiduciary obligations he will assume if appointed Lead Plaintiff in this action.

Finally, Mr. Walker has further demonstrated his adequacy through his selection of Gold Bennett Cera & Sidener LLP as Lead Counsel and Augustine Law Offices, PLLC as Liaison Counsel to represent the Class.  As discussed more fully below, Gold Bennett Cera & Sidener LLP is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to conduct complex securities class action litigation effectively.

**B.**     <u>**The Court Should Approve Mr. Walker's Selection Of Lead Counsel**</u>

The Court should approve Mr. Walker's choice of the law firm of Gold Bennett Cera &
Sidener LLP to serve as Lead Counsel.  Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA,
codified at 15 U.S.C. §78u-4(a)(B)(v), the Lead Plaintiff is to select and retain Lead Counsel to
represent the Class, subject to Court approval.  Mr. Walker has selected and retained the law firm
of Gold Bennett Cera & Sidener LLP.  For more than 40 years, Gold Bennett Cera & Sidener
LLP has played a leading role in some of the most significant cases in the country.  The firm has
a long history of prosecuting cases such as this case.  These cases have resulted in recoveries in
excess of $2 billion.  A copy of the firm's resume is attached to the Bright Decl. as Exhibit C.

Gold Bennett Cera & Sidener LLP has the requisite experience and resources to obtain an
excellent result for the Class.  Bright Decl., Ex. C.  Indeed, the court in *In re Rent-Way Sec.
Litig.*, 305 F.Supp.2d 491, 515 (W.D. Pa. 2003), a securities fraud class action prosecuted by the
firm, stated as follows:

> Having thus initially expressed our confidence in [Gold Bennett
> Cera & Sidener's] abilities, the Court has not since been
> disappointed.  On the contrary, [Gold Bennett Cera & Sidener]
> have shown themselves to be attorneys of the highest caliber, at all
> times prosecuting this action with a high degree of skill and
> professionalism.

Mr. Walker also requests that the Augustine Law Offices, PLLC serve as Liaison
Counsel.  Details of the experience of Augustine Law Offices, PLLC are set forth in the firm's
resume, attached as Exhibit D to the Bright Declaration.

Accordingly, the Court should approve Mr. Walker's selection of Gold Bennett Cera &
Sidener LLP as Lead Counsel and the Augustine Law Offices, PLLC as Liaison Counsel for the
Class.

IV.     **CONCLUSION**

        For the foregoing reasons, Mr. Walker respectfully requests that the Court: (i) appoint

him as Lead Plaintiff pursuant to the PSLRA; and (ii) approve his selection of Gold Bennett Cera

& Sidener LLP as Lead Counsel and Augustine Law Offices, PLLC as Liaison Counsel for the

Class; and grant such other and further relief as the Court may deem just and proper.

Dated: March 7, 2011                         Respectfully submitted,

                                             AUGUSTINE LAW OFFICES, PLLC

                                             By:  /s/Paul J. Augustine
                                             Paul J. Augustine
                                             1004 W. Fort Street
                                             Boise, ID 83702
                                             Telephone: (208) 367-9400
                                             Facsimile: (208) 947-0014
                                             Email: pja@augustinelaw.com

                                             GOLD BENNETT CERA & SIDENER LLP
                                             Solomon B. Cera
                                             Thomas C. Bright
                                             595 Market Street, Suite 2300
                                             San Francisco, California 94105
                                             Telephone: (415) 777-2230
                                             Facsimile: (415) 777-5189

                                             Attorneys for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 7, 2011, I filed the foregoing electronically through the

CM/ECF system, which caused the following parties or counsel to be served by electronic

means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Philip H. Gordon | pgordon@gordonlawoffices.com |
| Bruce S. Bistline | bbistline@gordonlawoffices.com |
| Laurence M. Rosen, Esq. | lrosen@rosenlegal.com |
| Phillip Kim, Esq. | pkim@rosenlegal.com |
| Benjamin A. Schartzman | bschwartzman@bwslawgroup.com |
| Douglas G. Thompson | DThompson@finkelsteinthompson.com |
| Michael G. McLellan | MMcLellan@finkelsteinthompson.com |
| Thomas M. Gottschlich | TGottschlich@finkelsteinthompson.com |

<u>s/Paul J. Augustine</u>
Paul J. Augustine