Philip Gordon, ISBN 1996
Bruce S. Bistline, ISBN 1988
**GORDON LAW OFFICES**
623 W. Hays St.
Boise, Idaho 83702
Telephone: (208) 345-7100
Fax: (208) 345-0050
Email: pgordon@gordonlawoffices.com
Email: bbistline@gordonlawoffices.com

[Proposed] Liaison Counsel for Lead Plaintiff

Phillip Kim, Esq.
Laurence M. Rosen, Esq.
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Lead Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| LANCE TEAGUE, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED,<br><br>                    Plaintiff,<br><br>    vs.<br><br>ALTERNATE ENERGY HOLDINGS, INC., DONALD L. GILLISPIE, AND JENNIFER RANSOM,<br><br>                    Defendants. | Case No.: 10-CV-00634-BLW<br><br>CLASS ACTION<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JERRY PEHLKE, JR. TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** |

Memorandum of Law in Support of Motion of
Jerry Pehlke, Jr. to: (1) Appoint Lead Plaintiff;
and (2) Approve Lead Plaintiff's
Selection of Counsel

1

## INTRODUCTION AND BACKGROUND

Plaintiff Jerry Pehlke, Jr. ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Mr. Pehlke as Lead Plaintiff for the class of all purchasers of the securities of Alternate Energy Holdings, Inc. ("Alternate Energy" or the "Company") during the period between September 20, 2006 and December 14, 2010 (the "Class Period"); and

(2) approving Movant's selection of The Rosen Law Firm P.A. as Lead Counsel for the Class, and the Gordon Law Offices as Liaison Counsel for the Class.

On December 20, 2010, the instant action was initiated against Alternate Energy and certain of its present and former officers and directors for violations of the Sections 10(b) and 20(a) of the Exchange Act.  On January 7, 2011, the Rosen Law Firm issued a PSLRA early notice announcing that a class action had been filed against Alternate Energy and certain of its officers and directors for alleged violations of the Exchange Act.  The notice advised class members that they had until 60 days from the date of the notice to move to be appointed lead plaintiff.  *See* Declaration of Philip Gordon ("Gordon Decl."), Ex. 1, filed herewith.

The Complaint alleges that Defendants[1] hired stock promoters and issued press releases in order to aritificially inflate the value of the Company's stock, while at the same time misrepresenting to investors that the Company's officers and directors had never sold any shares

---

[1] Defendants are Alternate Energy, Donald L. Gillispie (the Company's Chairman, CEO, President) and Jennifer Ransom (the Company's Senior Vice President of Administration and Secretary).

Memorandum of Law in Support of Motion of  
Jerry Pehlke, Jr. to: (1) Appoint Lead Plaintiff;  
and (2) Approve Lead Plaintiff's  
Selection of Counsel

2

of the Company's stock. When this adverse information entered the market, the price of Alternate Energy's stock dropped precipitously, damaging Plaintiff and the Class.

## ARGUMENT

### I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Richardson v. TVIA, Inc.*, 2007 WL 1129344, at * 2 (N.D. Cal. Apr. 16, 2007); (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)).

As set forth below, Mr. Pehlke satisfies the above criteria and is the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE

Memorandum of Law in Support of Motion of  
Jerry Pehlke, Jr. to: (1) Appoint Lead Plaintiff;  
and (2) Approve Lead Plaintiff's  
Selection of Counsel

3

Movant has made a timely motion in response to a PSLRA early notice. *See* Gordon Decl., Ex. 1. Additionally, as set forth in Mr. Pehlke's PSLRA certification filed herewith, he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Gordon Decl. Ex. 2. Accordingly, Mr. Pehlke satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons… that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify how to calculate the "largest financial interest", the approximate losses suffered are the most determinative. *Richardson*, 2007 WL 1129344 at * 4 (citing cases).

Jerry Pehlke, Jr. purchased 650,000 shares of Alternate Energy common stock during the Class Period at a cost of $552,500.00, and sold the entirety of those shares for $52,000.00. Mr. Pehlke thereby suffered $500,500.00 in losses due to his purchases of Alternate Energy common stock during the Class Period.

With over $500,000 in losses, Movant is not aware of any other movant that has suffered greater losses in Alternate Energy stock during the Class Period. Accordingly, Mr. Pehlke satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal

Memorandum of Law in Support of Motion of
Jerry Pehlke, Jr. to: (1) Appoint Lead Plaintiff;
and (2) Approve Lead Plaintiff's
Selection of Counsel

4

Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

    (1)  the class is so numerous that joinder of all members is impracticable,

    (2)  there are questions of law or fact common to the class,

    (3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

    (4)  the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

Mr. Pehlke fulfills all of the pertinent requirements of Rule 23. He shares substantially similar questions of law and fact with the members of the class and his claims are typical of the members of the class. Mr. Pehlke and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements. Mr. Pehlke, as did all of the members of the class, purchased Alternate Energy stock at prices artificially inflated by Defendants' misrepresentations and omissions and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Memorandum of Law in Support of Motion of  
Jerry Pehlke, Jr. to: (1) Appoint Lead Plaintiff;  
and (2) Approve Lead Plaintiff's  
Selection of Counsel

5

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute these actions on behalf of the class, provides ample reason to appoint Mr. Pehlke as Lead Plaintiff.

**D.   MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS AND IS NOT SUBJECT TO UNIQUE DEFENSES**

The presumption in favor of appointing Mr. Pehlke as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

>   (aa)   will not fairly and adequately protect the interest of the class; or
>
>   (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

Mr. Pehlke's ability and desire to fairly and adequately represent the Class has been discussed in Section C, above.  Mr. Pehlke is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the class.  Accordingly, the Court should appoint MR. Pehlke as Lead Plaintiff for the class.

**II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Pehlke has selected The Rosen Law Firm, P.A. as Lead Counsel and the Gordon Law Offices as Liaison Counsel.  The Rosen Law Firm has been actively researching the class

Memorandum of Law in Support of Motion of
Jerry Pehlke, Jr. to: (1) Appoint Lead Plaintiff;
and (2) Approve Lead Plaintiff's
Selection of Counsel

6

plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the Defendants. Indeed, the Rosen Law Firm was the firm that filed this action. Furthermore, the Rosen Law Firm and the Gordon Law Offices are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors *See* Gordon Decl., Exs. 4-5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Movants respectfully request the Court issue an Order (1) appointing the Jerry Pehlke, Jr. as Lead Plaintiff of the class; (2) approving Mr. Pehlke's selection of The Rosen Law Firm P.A. as Lead Counsel and the Gordon Law Offices of Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: March 8, 2011          **GORDON LAW OFFICES**

      /s/ Philip Gordon
Philip Gordon, ISBN 1996
Bruce S. Bistline, ISBN 1988
623 W. Hays St.
Boise, Idaho 83702
Telephone: (208) 345-7100
Fax: (208) 345-0050

[Proposed] Liaison Counsel for Lead Plaintiff

Memorandum of Law in Support of Motion of
Jerry Pehlke, Jr. to: (1) Appoint Lead Plaintiff;
and (2) Approve Lead Plaintiff's
Selection of Counsel

7

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

[Proposed] Lead Counsel for Lead Plaintiff

Memorandum of Law in Support of Motion of Jerry Pehlke, Jr. to: (1) Appoint Lead Plaintiff; and (2) Approve Lead Plaintiff's Selection of Counsel

8

**CERTIFICATE OF SERVICE**

  I hereby certify that on this on the 8th day or March 2011, a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JERRY PEHLKE, JR. TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL, was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                /s/ Philip Gordon

Memorandum of Law in Support of Motion of Jerry Pehlke, Jr. to: (1) Appoint Lead Plaintiff; and (2) Approve Lead Plaintiff's Selection of Counsel

9