GORDON LAW OFFICES
Philip Howard Gordon
pgordon@gordonlawoffices.com
623 W Hays
Boise, ID 83702-5512
Telephone: (208) 345-7100
Facsimile: (208) 345-0050

*[Proposed] Liaison Counsel for the Class*

RIGRODSKY & LONG, P.A.
Seth D. Rigrodsky
sdr@rigrodskylong.com
Timothy J. MacFall
tjm@rigrodskylong.com
Scott J. Farrell
sjf@rigrodskylong.com
585 Stewart Avenue, Suite 304
Garden City, NY 11530
Telephone: (516) 683-3516
Facsimile:  (302) 654-7530

*[Proposed] Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LANCE TEAGUE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>      Plaintiff,<br><br>ALTERNATE ENERGY HOLDINGS, INC., DONALD L. GILLESPIE, AND JENNIFER RANSOM,<br><br>      Defendants. | Civil Action No. 1:10-cv-00634-BLW<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ALAN GINSBURG AND DAVID STINNETT FOR APPOINTMENT OF LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL |

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 1

ARGUMENT .............................................................................................................................. 2

I. THE COURT SHOULD APPOINT THE MOVANTS AS LEAD PLAINTIFFS .................... 2

    A. The Procedure Required By The PSLRA .................................................................... 2

    B. Movants Are Willing To Serve As Class Representatives ............................................ 4

    C. Movants Have The Largest Financial Interest .............................................................. 4

    D. Movants Satisfy the Requirements of Rule 23(a) Of The Federal Rules Of Civil Procedure ............................................................................................................ 5

    E. Movants, a Small, Cohesive Group, Are Appropriate for Appointment As Lead Plaintiffs ................................................................................................................ 5

II. MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED ............................... 7

CONCLUSION .......................................................................................................................... 8

# TABLE OF AUTHORITIES

Cases

*Hodges v. Akeena Solar, Inc.*,
  263 F.R.D. 528 (N.D. Cal. 2009) .................................................................. 5, 6

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ........................................................................ 4, 5

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ......................................................................... 4, 5

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004) ........................................................................ 5

*Niederklein v. PCS Edventures!.com, Inc.*,
  Case No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247 (D. Idaho
  Feb. 24, 2011) .................................................................................................. 7

Statutes

Private Securities Litigation Reform Act of 1995
  15 U.S.C. § 78u-4(a)(3) ........................................................................... *passim*

Rules

Federal Rules of Civil Procedure

  Rule 23 ................................................................................................. *passim*

Securities Exchange Act of 1934

  Section 10(b) .................................................................................................. 1

  Section 20(a) .................................................................................................. 1

  Section 21D(a) ....................................................................................... *passim*

Legislative Materials

*House Conference Report No. 104-369*, 104th Cong. 1st Sess. at 34 (1995) ................ 5

## PRELIMINARY STATEMENT

Presently pending before the Court is a securities class action lawsuit (the "Action") brought on behalf of purchasers of the common stock of Alternate Energy Holdings, Inc. ("AEHI" or the "Company"), who purchased Company's common stock between September 20, 2006 and December 14, 2010, inclusive (the "Class Period"), and were damaged thereby. Plaintiff in the Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated under Section 10(b), against defendants AEHI, Donald L. Gillespie ("Gillespie") and Jennifer Ransom ("Ransom").

Class members, Alan Ginsberg ("Ginsberg") and David Stinnett ("Stinnett") (collectively referred to herein as "Movants"), respectfully move this Court, pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order (a) appointing Movants as lead plaintiffs in the Action; (b) approving Movants' selection of Rigrodsky & Long, P.A. as lead counsel; and (c) approving Movants' selection of the Gordon Law Offices as liaison counsel.

## STATEMENT OF FACTS

Plaintiff in the Action alleges that throughout the Class Period, defendants engaged in a scheme to manipulate and artificially inflate the price of the Company's common stock by "(1) paying stock promoters to creat[e] artificial demand in the marketplace through end of day stock purchases; (2) misrepresenting that Company's officers never sold any shares of the Company's stock; and (3) misrepresenting the

Company's true financial condition and potential business prospects." ¶ 3.[1] Specifically, the Complaint alleges that defendant Gillespie hired stock promoters and directed them to buy the Company's stock at the end of certain trading days to artificially inflate the stock price and trading volume. ¶¶ 25-28. In addition, the complaint in the Action alleges that Gillespie issued materially false and misleading press releases stating that no Company insiders had sold any shares of AEHI stock since the Company's inception when, in fact, defendant Ransom (AEHI Senior Vice President) had sold more than a million shares of AEHI stock between June and September 2010. ¶¶ 30-34.

On December 16, 2010, the United States Securities and Exchange Commission ("SEC") filed a civil action against the Company and defendants Gillespie and Ransom for violations of the federal securities laws based on the the above-described facts. ¶¶ 38-39. The Securities and Exchange Commission (the "SEC") also suspended trading of the Company's stock on December 14, 2010. ¶ 39.

ARGUMENT

I.  THE COURT SHOULD APPOINT THE MOVANTS AS LEAD PLAINTIFFS

A.  The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within twenty (20) days after filing the action, informing class members of their right to

---

[1] "¶ __" refers to paragraphs of the complaint filed in the Action on December 20, 2010.

file a motion for appointment of lead plaintiff. Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA requires the court to consider within ninety (90) days all motions, filed within sixty (60) days after publication of that notice, made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the foregoing criteria and are not aware of any unique defenses that defendants could raise against them. Therefore, Movants are entitled to the presumption that they are the most adequate plaintiffs to represent the Class and, as a result, should be appointed lead plaintiffs in the Action.

### B.  Movants Are Willing To Serve As Class Representatives

On January 7, 2011, counsel in the Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against defendants AEHI, Gillespie and Ransom, and which advised putative class members that they had sixty (60) days, or until March 8, 2011 to file a motion to seek appointment as a lead plaintiff in the Action.[2] Movants have timely filed this motion pursuant to the Notice. In doing so, Movants have attached their certifications and supporting declaration attesting to their willingness to serve as representative parties of the Class and provide testimony at deposition and trial, if necessary. *See* MacFall Decl. at Exs. B and C. Accordingly, Movants satisfy the first requirement to serve as lead plaintiffs. Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### C.  Movants Have The Largest Financial Interest

The PSLRA requires the Court to adopt a rebuttable presumption that "the most adequate plaintiff . . . [is] the plaintiff or group of plaintiffs with . . . the largest financial interest in the relief sought by the class." Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

Movants submit that they have the largest financial interest of any shareholder or group of shareholders in the Action. During the Class Period, Movants suffered combined losses of over $91,309.87. *See* MacFall Decl. at Ex. D. These losses are significant enough to ensure that Movants have a sufficient financial stake to remain active participants in the Action and oversee the vigorous prosecution by counsel. *See In*

---

[2] A copy of the Notice is attached as Exhibit A to the Declaration of Timothy J. MacFall ("MacFall Decl.")

re *Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004). See also *House Conference Report No. 104-369*, 104th Cong.1st Sess. at 34 (1995) (citing Conference Report of Securities Reform, H.R. Rep. No. 369, 104 Cong., 1st Sess. 31, *reprinted in* U.S.C.C.A.N. 679, 730-31). Movants are not aware of any other moving party who has suffered larger losses. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as lead plaintiffs in the Action. Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### D. Movants Satisfy the Requirements of Rule 23(a) Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA also states that at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] . . . the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u 4(a)(3)(B)(iii)(I)(cc). *Cavanaugh*, 306 F.3d at 729-30. Consequently, in deciding a lead plaintiff motion, the court focuses primarily on the typicality and adequacy of representation requirements, and only a preliminary showing is necessary. See *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009); see also *Cavanaugh*, 306 F.3d at 730. As discussed below, Movants satisfy the typicality and adequacy requirements under Rule 23(a) and the PSLRA.

The claims asserted by Movants are typical of those of the Class. Movants, like the members of the Class, purchased AEHI stock during the Class Period at prices artificially inflated by defendants' materially false and misleading statements, and were damaged thereby. Thus, their claims are typical, if not identical, to those of the other members of the Class because Movants suffered losses similar to those of other Class

members and their losses result from defendants' common course of conduct. *See Hodges,* 263 F.R.D. at 532 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3).

Movants are also adequate representatives for the Class. There is no antagonism between their interests and those of the Class. Moreover, Movants have retained counsel highly experienced in prosecuting securities class actions, and will submit their choice to the Court for approval pursuant to Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). *See Hodges,* 263 F.R.D. at 532 (quoting *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998)).

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

      E.      **Movants, a Small, Cohesive Group, Are Appropriate For Appointment As Lead Plaintiffs**

Movants are a small, cohesive group of two investors who have communicated with each other prior to deciding to move for appointment as lead plaintiffs. *See* MacFall Decl Ex. B (Joint Declaration of Alan Ginsburg and David Stinnett, dated March 7, 2011), ¶¶ 4-15. Movants are prepared to work together to manage this litigation by regularly communicating with their counsel and with each other, and by jointly directing the activities of their counsel. MacFall Decl., Ex. B, ¶¶ 12, 14. In addition, Movants have adopted a method for resolving any disputes amongst themselves, should such a dispute arise. *Id.,* ¶ 15.

This Court has noted that a small group of investors may be found suitable to act as lead plaintiffs where, as here, the group members make the requisite showing that they will act cohesively to prosecute the litigation vigorously on behalf of the Class. *See Niederklein v. PCS Edventures!.com, Inc.*, Case No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247 at *23-*24 (D. Idaho Feb. 24, 2011) (citations omitted). Here, Movants have demonstrated that they are willing, and able, to act in a coordinated manner to direct the activities of their counsel in this litigation. MacFall Decl., Ex. B, ¶ 14. Therefore, Movants respectfully submit that they may appropriately be appointed as lead plaintiffs.[3]

## II. MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected and retained Rigrodsky & Long, P.A. as the proposed lead counsel and the Gordon Law Offices as proposed liaison counsel for the Class. Both firms have extensive experience prosecuting complex securities class actions, such as this one, and are well qualified to represent the Class. *See* MacFall Decl. Exs. E and F. Therefore, the Court may be assured that if it grants this motion, the Class members will receive high-caliber representation by skilled, experienced counsel.

---

[3] In the event that the Court determines that Movants may not be appointed as lead plaintiffs because they have not adequately shown that they will act in a cohesive manner, Alan Ginsberg moves, in the alternative, for appointment as sole lead plaintiff.

7

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) appoint Movants as lead plaintiffs for the Class in the Action and all subsequently-filed, related actions; and (2) approve Movants' selection of Rigrodsky & Long, P.A. and the Gordon Law Offices to represent the Class as lead counsel and liaison counsel, respectively.

Dated: March 8, 2011

Respectfully submitted,

GORDON LAW OFFICES
PHILIP H. GORDON

s/Philip H. Gordon
Philip H. Gordon, ISBN 1996
pgordon@gordonlawoffices.com
623 W. Hays Street
Boise, ID 83702
Telephone: (208) 345-7100
Facsimile: (208) 345-0050

*[Proposed] Liaison Counsel for the Class*

RIGRODSKY & LONG, P.A.
Seth D. Rigrodsky
sdr@rigrodskylong.com
Timothy J. MacFall
tjm@rigrodskylong.com
Scott J. Farrell
sjf@rigrodskylong.com
585 Stewart Avenue, Suite 304
Garden City, NY 11530
Telephone: (516) 683-3516
Facsimile:  (302) 654-7530

*[Proposed] Lead Counsel for the Class*