UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

LANCE TEAGUE, Individually, and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

ALTERNATE ENERGY HOLDINGS, INC., DONALD L. GILLESPIE AND JENNIFER RANSOM,

Defendants.

Case No: 1-10-cv-00634-BLW

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT KERRY ROBBINS AND ALAN MASCORD AS LEAD PLAINTIFFS AND APPROVE LEAD PLAINTIFFS' CHOICE OF LEAD COUNSEL**

## INTRODUCTION

Before the Court is a securities class action lawsuit brought on behalf of all purchasers of securities of Alternate Energy Holdings, Inc. ("AEHI" or the "Company") of AEHI, between September 20, 2006 through December 14, 2010 (the "Class Period"). The lawsuit alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, and Rule 10b-5 promulgated by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5.

Alan Mascord and Kerry L. Robbins ("Movants") file this memorandum of law in support of their motion for appointment as lead plaintiffs and approval of their selection of counsel, seeking an order (1) appointing them as Lead Plaintiffs in the action under 15 U.S.C. 78u-4(a)(3)(B) and (2) approving the their selection of the Goldfarb Branham to serve as Lead Counsel, and respectfully show the Court as follows:

## I. INTRODUCTION AND FACTUAL BACKGROUND

Presently pending in this District are two lawsuits brought against Alternate Energy and certain affiliated individuals. One is brought by the U.S. Securities and Exchange Commission ("SEC") (the "SEC Action"). The other is a putative class action ("Private Action") brought on behalf of all persons or entities who acquired securities of Alternate Energy between September 20, 2006 through December 14, 2010 (the "Class Period"). Both charge the defendants with knowingly or recklessly (1) issuing materially false and misleading statements concerning Alternate Energy's plans to build a nuclear power plant, (2) artificially inflating the price of the stock through false press releases and promoters, and (3) subsequently liquidating the stock through secret sales by other entities and individuals connected to Alternate Energy. Both Complaints allege that Alternate Energy represented during the Class Period that it was in the process of raising money to develop a nuclear reactor, and put forth numerous press releases and engaged promoters to persuade individual investors to buy stock in the Company.

The Complaints go on to allege that the Defendants knew or were reckless in not knowing that Alternate Energy had no realistic possibility of building the nuclear reactor, and that its representations to the contrary were false and misleading efforts to artificially increase the price of the stock so that the individual Defendants could gain by selling their shares.

These allegations were brought to light when the SEC filed its action on December 16, 2010, shortly after freezing trading in Alternate Energy shares. The market strongly reacted to the revelation: on December 29, 2010, the day trading reopened, the price of Alternate Energy stock fell from $0.58 to $0.08—a decline of 86.2%. On Friday, March 4th, it closed at $0.13.

Movants seek appointment as Lead Plaintiffs to represent all purchasers of AEHI's publicly traded securities during the Class Period (the "Class"). Movants have a substantial

financial interest in the vigorous prosecution of this action, suffering a loss of $203,638 *See* Certification of Plaintiff Pursuant to Federal Securities Law, Alan Mascord (Jan. 3, 2011); Kerry L. Robbins (Dec. 30, 2010) attached as Ex. 1 to the Declaration of Philip H. Gordon in Support of Kerry Robbins and Alan Mascord's Motion for Appointment of Lead Plaintiff and Approval of Section of Counsel ("Gordon Decl.").

## II. LEGAL ARGUMENT

Movants are the most adequate plaintiffs, as defined by the PSLRA, as they timely sought to be appointed as lead plaintiffs through the instant motion, have the largest financial interest of any other proposed lead plaintiff in the case, and otherwise satisfy the requirements of Federal Rule of Civil Procedure 23.

### A. Movants Are the Most Adequate Plaintiffs Under 15 U.S.C. § 78u-4(a)(3)(B) and Should Therefore Be Appointed Lead Plaintiff

#### 1. Procedure for Appointing Lead Plaintiff Under the PSLRA

The PSLRA "provides a simple three-step process for identifying the lead plaintiff" in a securities fraud case. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the existence of the pending action, including the claims made and alleged Class period, must be publicized. *Id*. Second, the Court considers "the losses allegedly suffered by the various plaintiffs" and selects the plaintiff who has the largest financial interest in the relief sought by the Class and who otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 as the "presumptively most adequate plaintiff." *Id*. at 729-30. Third, the other plaintiffs must have an opportunity to rebut the presumptive lead plaintiff's showing of Rule 23's typicality and adequacy requirements. *Id*. at 730.

In selecting a lead plaintiff, the Court must adopt a presumption the most adequate plaintiff in any private action is the person or group of persons who (aa) has either filed the

complaint or made a motion [for designation as lead plaintiff]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the Class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**2. Movants Make this Motion Within 60 Days of Publication of Notice**

The plaintiffs must publish, "in a widely circulated national business-oriented publication or wire service," a notice advising (1) pendency of the action, the claims, and the Class period and (2) any Class member may move to become lead plaintiff within 60 days of the notice. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). At 10:23 p.m. on January 7, 2011, a notice advising (1) pendency of the action, the claims, and the Class period and (2) any Class member can move to become lead plaintiff within 60 days of the notice. *See* Press Release, Rosen Law Firm, Investor Notice: The Rosen Law Firm Files Class Action on Behalf of Alternate Energy Holdings, Inc. Shareholders (Jan. 7, 2011) attached as Ex. 2 to the Gordon Decl. Movants bring their motion for appointment as lead plaintiffs and approval of their selection of counsel within 60 days of such publication pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i).

**3. Movants Have the Requisite Financial Interest**

The second PSLRA factor requires the Court to choose the plaintiff "who has the greatest financial stake in the outcome of the case," thus imposing a rebuttable presumption the most capable plaintiff is the Class member with the largest financial interest in the relief sought by the Class. *In re Cavanaugh*, 306 F.3d at 729; *Wenderhold v. Cylink Corp*., 188 F.R.D. 577, 584 (N.D. Cal. 1999). This determination is made by comparing the financial stakes of the various plaintiffs through "accounting methods that are both rationally and consistently applied" to establish which one has the most to gain from the lawsuit. *In re Cavanaugh*, 306 F.3d at 730.

Movants purchased shares during the Class Period, and, upon information and belief, have the largest financial interest.

**4. Movants Satisfy the Requirements of Federal Rule of Civil Procedure 23**

Section 21(D)(A)(3)(B)(iii)(cc) of the Exchange Act further provides the lead plaintiff or plaintiffs must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc). Rule 23(a) provides a party may serve as a Class representative if the following four requirements are satisfied: (1) the Class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the Class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the Class, and (4) the representative parties will fairly and adequately protect the interests of the Class. Fed. R. Civ. P. 23(a). Movants have met their *prima facie* showing the Rule 23 requirements of numerosity, commonality, typicality, adequacy of representation, and superiority of a Class action are satisfied. *Id.* At the lead plaintiff stage, the inquiry focuses on typicality and adequacy. *In re Cavanaugh*, 306 F.3d 726, 730 n.5 (9th Cir. 2002).

**a. Typicality**

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other Class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). Movants satisfy this requirement because, like the other Class members, they purchased AEHI securities during the Class Period; were adversely affected by the defendants' false and misleading statements; and, as a result, suffered damages. Thus, Movants' claims are typical of

the other Class members since their claims and the claims of the other Class members arise from the same course of events.

**b. Adequacy of Representation**

Under Rule 23(a)(4), the Class representative must "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). A Class representative is "adequate" if there are no conflicts between the representative and Class interests; the representative's attorneys are qualified, experienced, and generally able to conduct the litigation; and it is unlikely the action is collusive. *Id. See also Staton v. Boeing Co*., 327 F.3d 938, 957 (9th Cir. 2003); *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig*., 693 F.2d 847, 855 (9th Cir. 1982). Here, Movants are adequate Class representatives. Given the damages suffered by both Movants and the Class, the interests of Movants are aligned with the members of the Class, and there is no evidence of any antagonism between Movants and the other Class members. In addition, Movants have embraced their willingness to advocate on behalf of the Class, having stated in their certifications they are willing to serve as representative parties on behalf of the Class, including providing deposition and trial testimony. Gordon Decl., Ex. 1. Furthermore, and as addressed more fully below, Movants have retained competent and experienced counsel to prosecute it. Movants satisfy the commonality, typicality, and adequacy requirements of Rule 23, and thus should be appointed lead plaintiff.

**B. No Rebuttal of Presumption in Favor of Movants**

The presumption in favor of appointing Movants as lead plaintiffs may be rebutted only upon proof by a "member of the purported plaintiffs' Class" the presumptively most adequate plaintiff: (aa) will not fairly and adequately protect the interests of the Class; or (bb) is subject to

unique defenses that render such plaintiff incapable of adequately representing the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

There has been no showing the Movants will not adequately protect the interests of the Class or they are subject to unique defenses rendering them incapable of representing the Class. Thus, Movants should be appointed as Lead Plaintiffs in this lawsuit.

### C. The Court Should Approve Movants' Choice of Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v) and subject to Court approval, the proposed lead plaintiff shall select and retain counsel to represent the Class he seeks to represent. Movants have selected the Goldfarb Branham to serve as Lead Counsel. The Goldfarb Branham is well-qualified to conduct the litigation on behalf of all plaintiffs and the absent members of the Class, having substantial experience and success in the prosecution of shareholder and securities Class actions. The firm's lawyers include the former federal judicial law clerks, and highly skilled securities lawyers. *See* firm resume of Goldfarb Branham LLP attached as Ex. 3 to the Gordon Decl. Accordingly, the Court should approve the Movants' selection of Lead Counsel.

## III. CONCLUSION

Based on the forgoing, Movants respectfully request the Court appoint Movants as lead plaintiffs in these actions and any subsequently filed related actions; approve their selection of the law firm of Goldfarb Branham, L.L.P. as lead counsel for the Class; and grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

[LOCAL COUNSEL]

Jeffrey Goldfarb
Charles W. Branham, III

Hamilton Lindley
Goldfarb Branham LLP
Saint Ann Court
2501 N. Harwood Street, Ste. 1801
Dallas, TX 75201
(214) 583-2233 Telephone
(214) 583-2234 Facsimile
jgoldfarb@goldfarbbranham.com
tbranham@goldfarbbranham.com
hlindley@goldfarbbranham.com