**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| LANCE TEAGUE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>ALTERNATE ENERGY HOLDINGS, INC., DONALD L. GILLISPIE, AND JENNIFER RANSOM,<br><br>Defendants. | Case No.: 1:10-cv-00634-BLW |

**ORDER AND FINAL JUDGMENT**

On the 31st day of October, 2012, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated July 16, 2012 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by named plaintiffs Lance Teague and Cammi Veenstra and Lead Plaintiff Jerry Pehlke, Jr., on behalf of themselves and all persons who purchased the publicly traded common stock of Alternate Energy Holdings, Inc. ("Alternate Energy" or the "Company") during the period from October 23, 2006 through December 14, 2010, inclusive, (collectively, the "Class," as further defined herein), against Defendants Alternate Energy Holdings, Inc. ("Alternate Energy" or the "Company"), Donald Gillispie and Jennifer Ransom, (collectively, the "Settling Defendants"); (2) whether judgment should be entered dismissing the Amended Complaint filed in the Litigation and dated June 17, 2011, on the merits and with prejudice, in favor of the Settling Defendants and as against all persons or entities who are members of the Class and who

have not requested exclusion therefrom; (3) whether to approve the proposed Plan of Allocation (described in the Notice of Pendency and Proposed Settlement of Class Action) as a fair and reasonable method to allocate the settlement proceeds among members of the Class; and (4) whether and in what amount to award fees and reimbursement of expenses to Lead Plaintiff's Counsel;

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that a notice of the Settlement Hearing substantially in the form approved by the Court in the Court's Order of Preliminary Approval of Settlement ("Preliminary Approval Order") was mailed to all persons and entities reasonably identifiable who purchased Alternate Energy common stock that is the subject of the Litigation, during the Class Period, except those persons and entities excluded from the definition of the Class; and

It appearing that the Summary Notice of Pendency and Settlement of Class Action substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED. AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiff, all Class Members, and the Defendants.

2. All capitalized terms used herein shall have the same meanings as set forth and defined in the Stipulation.

3. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are

questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class he seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Class; (e) questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby certifies the following action as a class action: all persons who purchased or otherwise acquired the common stock of Alternate Energy during the period from October 23, 2006 through December 14, 2010, inclusive. The "Class" includes the Class Members collectively, as well as each Class Member acting individually. Excluded from the Class are Defendants, the members of their immediate families, Defendants' legal representatives, heirs, predecessors, successors, and assigns, and any entity in which any Defendant has or had a controlling interest. Also excluded from the Class are those persons who excluded themselves by filing a timely, valid request for exclusion in accordance with the Preliminary Approval Order.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiff is certified as the class representative and the Lead Plaintiff's Counsel previously selected by Lead Plaintiff and appointed by the Court is hereby appointed as Lead Counsel for the Class.

6. The Stipulation is approved as fair, reasonable, and adequate, and in the best interests of the Class. Lead Plaintiff and the Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Litigation is hereby dismissed with prejudice and without costs.

8. Lead Plaintiff and the Class Members hereby release and forever discharge the Released Parties from any and all Settled Claims.

9. Each of the Settling Defendants, including any and all of their respective successors in interest or assigns, hereby releases and forever discharges any and all Settled Defendants' Claims against the Plaintiffs, Class Members, and any of their counsel, including Lead Plaintiff's Counsel.

10. Lead Plaintiff and the Class Members are hereby permanently barred and enjoined from prosecuting the Settled Claims against the Released Parties.

11. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents, or proceedings connected with them shall be:

(a) referred to or used against the Released Parties or the Plaintiffs or the Class as evidence of wrongdoing by anyone;

(b) construed against the Released Parties or the Plaintiffs or the Class as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; or

(c) construed as, or received in evidence as, an admission, concession, or presumption against the Class or any of them, that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Fund.

13. Exclusive jurisdiction is hereby retained over the Settling Parties and the Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

14. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

16. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the Lead Plaintiff's Counsel's application for an award of attorneys' fees and reimbursement of expenses.

17. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the settlement proceeds among members of the Class.

18. The Court hereby finds that the notice given to the Class provided the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all members of the Class are bound by this

Order and Final Judgment except those persons set forth on Exhibit A to this Order and Final Judgment.

19. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated, and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs C.3-4., C.6., E.1-3., G., L.2-5., M.10-11., and M.13. in the Stipulation), and the parties shall be returned to their respective positions immediately before the execution of the Stipulation.

DATED: November 5, 2012

B. Lynn Winmill
Chief Judge
United States District Court

Exhibit A to Order and Final and Judgment

| NAME1 | NAME2 | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|---|
| RALPH L BARKER | KEVIN W BARKER | 900 NW 24TH ST | FRUITLAND | IL | 83619 |
| TERRANCE R SVINGEN | JANICE R SVINGEN JT TEN | 3690 LACHS CT S | SALEM | OR | 97302 |
| CALEB PLATE | | 255 W REDOUBT AVE | SOLDOTNA | AL | 99669 |
| PAUL R SPONG, PAUL R SPANG, | AND VERLA A ROBINSON JOINT TENANTS | PO BOX 126 | GRAND VIEW | IL | 83624 |
| ROBERT W WALSTROM | | 1214 NW BELLEVUE PLACE | GRANTS PASS | OR | 97526 |
| JIM HAYWARD | | 1046 RIVERBEND DR APT #107 | HARTFORD | WI | 53027 |
| JAMES E HEINTZMAN | | 1249 SARAFINA DRIVE | PRESCOTT | AZ | 86301 |